**[This is an entirely new rule.]**

**Rule 217. Confidential Information and Confidential Documents. Certification.**

Unless public access is otherwise constrained by applicable authority, any attorney, or any party if unrepresented, who files a document pursuant to these rules with a magisterial district court shall comply with the requirements of Sections 7.0 and 8.0 of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* (Policy) including a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form in accordance with the Policy.

**Note:** Applicable authority includes but is not limited to statute, procedural rule or court order. The *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* (Policy) can be found on the website of the Supreme Court of Pennsylvania at http://www.pacourts.us/public-records. Sections 7.0(D) and 8.0(D) of the Policy provide that the certification shall be in substantially the following form:

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The Confidential Information Form and the Confidential Document Form can be found at http://www.pacourts.us/public-records.

Rule 304.     Form of Complaint

…

Official Note: Rule 304 is designed to promote uniformity, simplification of procedure and better access by the public to the judicial services of magisterial district judges. The use of a form will help to accomplish this purpose and will also provide easier statistical and other administrative control by the Supreme Court.

**The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*. *See* Rule 217.**

Rule 503.    Form of Complaint

…

Official Note: As in the other rules of civil procedure for magisterial district judges, the complaint will be on a printed form. **The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*. *See* Rule 217.** As to notice to remove, the form will simply state that such a notice, when required, was given to the defendant in accordance with law. *See* § 501 of the Landlord and Tenant Act, 68 P.S. § 250.501 as amended by § 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 P.S. § 20002(a). In subdivision C(8) the landlord is permitted to claim, in addition to the specific amount of rent due and unpaid at the date of filing, whatever unspecified amount of rent will remain due and unpaid at the date of the hearing. As to claiming damages for injury to property, *compare* Pa.R.C.P. No. 1055.

…

Rule 803.    Entitlement of Complaint

The complaint in an action before a magisterial district judge to which a minor is a party shall be entitled in the name of the minor, without reference to the party's minority or any guardian. **The minor shall be designated by the initials of his or her first and last name.**

Official Note: The complaint will be entitled in the name of the minor, whether plaintiff or defendant. **However, the minor shall be designated by the initials of his or her first and last name.** If a guardian does represent the minor, this will be reflected by a notice of intent to represent attached to the complaint form as required by Rule 805B.

**The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*. *See* Rule 217.**

Rule 1205.    Persons Who May Seek Emergency Relief

…

Official Note: This rule is derived from Section 6106 of the Protection From Abuse Act, 23 Pa.C.S. § 6106, as well as 42 Pa.C.S. § 62A05.

**The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*. *See* Rule 217.**

Rule 1206.    Commencement of Proceedings

…

        Official Note: Paragraph B is added to assure compliance with the requirement of Section 6110(d) of the Protection From Abuse Act, 23 Pa.C.S. § 6110(d), as well as 42 Pa.C.S. § 62A09(d). Practice varies among the judicial districts as to what procedures the plaintiff must follow to continue in effect a protection order in the court of common pleas upon the certification of an emergency protection order to the court of common pleas. The hearing officer should provide clear instructions to the plaintiff as to what must be done to continue in effect the protection order in the court of common pleas. *See* Rule 1210 and Note and Rule 1211 and Note. Paragraph C is derived from Section 6106(b) of the Protection From Abuse Act, 23 Pa.C.S. § 6106(b), as well as 42 Pa.C.S. § 62A05(b) and reflects the practice when a temporary order is issued at the common pleas level.

        **The filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*. *See* Rule 217.**